731 S.E.2d 888

**In the Matter of Lawrence J. PURVIS, Jr., Respondent.**

No. 27162.

No. 2012–212199.

Supreme Court of South Carolina.

Submitted July 2, 2012.

Decided Aug. 29, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and Charlie Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Lawrence J. Purvis, Jr., of Law Offices of N. David DuRant & Assoc., of Surfside Beach, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of an admonition or public reprimand. In addition, respondent agrees to complete the Legal Ethics and Practice Program Ethics School and the Notary Public Law course offered by the South Carolina Bar within twelve (12) months of the imposition of a sanction. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

### *Facts*

Respondent represents Client in a domestic action. Respondent instructed Client to obtain written statements from anyone who could potentially serve as a witness in her case and to bring the statements to him for review. Client gave respondent four handwritten statements from potential witnesses. Respondent's office typed the statements in affidavit form and gave them back to Client with instructions to have the affidavits signed and notarized.

Client returned the signed affidavits to respondent; however, the statements were not notarized. Respondent in-

structed Client to contact each of the witnesses by telephone. Respondent maintains that the individuals to whom he spoke on the telephone confirmed that each of them had signed the affidavits in question. Despite the affiants not signing the documents in his presence, respondent notarized the four statements and presented the affidavits to the court at the temporary hearing. One of the alleged affiants presented a subsequent affidavit to the court stating that she had never submitted an affidavit on Client's behalf. Respondent represents that, based on his telephone conversations, he believed that the individuals he spoke with had executed the affidavits.

### Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.3(a)(1) (lawyer shall not knowingly make false statement of fact to tribunal); Rule 3.4(b) (lawyer shall not falsify evidence); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); and Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation). Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violates Rules of Professional Conduct).

### Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. Respondent shall complete the Legal Ethics and Practice Program Ethics School and the Notary Public Law course offered by the South Carolina Bar within twelve (12) months of the date of this opinion. Respondent shall provide the Commission on Lawyer Conduct with proof of his completion of each program within (10) days of each program's conclusion.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.